Per Curiam.

This action in mandamus was instituted in this court to compel the auditor of Cuyahoga County to issue a warrant for the payment of an attorney’s fee of $200 to relator.
Admittedly, relator is and was at all the times pertinent in the instant case an attorney duly authorized to practice law in Ohio.
*176 Under Section 2941.50, Revised Code, if an indicted accused when “brought into court # # # is without and unable to employ counsel, the court shall assign him counsel” who “shall not be a partner * * * of the attorney having charge of the prosecution.”
Admittedly, “relator was appointed * * * pursuant to” that statutory section “as counsel for the defense of” a certain “person indicted for a felony who was without and unable to employ counsel” and “relator was not a partner of the attorney having charge of the prosecution.”
Admittedly, “relator fully performed the services required for the defense of said person # * * , and” the judge of the trial court “before whom the case was tried, fixed and approved the sum of $200 as relator’s fee for such services # * # assuming or purporting the same to be in accordance with Section 2941.51,” Revised Code, which reads so far as pertinent:
“Counsel assigned in a case of felony under Section 2941.50 of the Revised Code shall be paid for their services by the county, and shall receive therefor: (i* * *
“(B) * * * such compensation as the trial court may approve, not exceeding $300 * * * ÍÍ * * *
“The county auditor shall draw his order on the county treasurer for the payment of such counsel in the amount fixed by the court * * *. ”
Admittedly, relator made a demand on the respondent (the Cuyahoga County auditor) to draw such an order for the payment of the foregoing $200 fee “but defendant failed and refused, and still refuses, to do so.”
On these admitted facts, it would appear obvióus that relator is entitled to the writ prayed for. However, respondent contends that the writ should be denied because relator had made an agreement with a corporation not for profit, known as the Legal Aid Society of Cleveland, under the terms of which he is to receive an annual salary and expenses from such corporation for representing indigent persons and is to pay the amount of the foregoing $200 fee and other similar payments received by him into a fund to be administered by the *177 Welfare Federation of Cleveland. Apparently, respondent contends that, by reason of this agreement, (1) the Legal Aid Society is engaged in the unlawful practice of the law, (2) either that society or the Welfare Federation of Cleveland or both are doing things prohibited or unauthorized by law, and (3) relator is doing what he as an attorney should not do or agree to do. These are all contentions which could be considered in proper proceedings either against the society or against the federation or against the relator. However, we fail to see how the validity of any such collateral contentions could affect the rights of relator under the admitted facts of the instant case.

Writ allowed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Badolipe and O’Neill, JJ., concur.
Badcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.